USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 10/15/2026

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VESTAS-AMERICAN WIND TECHNOLOGY, INC.,<br>Plaintiff-Counterclaim Defendant,<br>v.<br>GRANDE PRAIRIE WIND, LLC,<br>Defendant-Counterclaim Plaintiff. | Case No: 1:26-cv-4994-ALC-SN |

## PROTECTIVE ORDER

Subject to approval of the Court, Plaintiff-Counterclaim Defendant Vestas-American Wind Technology, Inc. and Defendant-Counterclaim Plaintiff Grande Prairie Wind, LLC (together, the "Parties") stipulate and agree as follows:

## 1. DEFINITIONS

1.1 "Party" means any party to this Litigation, including successors in interest, officers, directors, and employees.

1.2 "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party or non-party subpoenas), in deposition testimony and transcripts, through deposition exhibits, or other requests for documentation in this Litigation.

1.3 "Confidential Information" means all Discovery Material that has not been publicly disclosed and contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information belonging to a Party or to a Party's customers, suppliers, joint venture partners, affiliates, or other parties to whom

a Party may, in good faith, owe a duty of confidentiality. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.

1.4 "Receiving Party" means a Party or non-party that receives Discovery Material from a Producing Party.

1.5 "Producing Party" means a Party or non-party that produces Discovery Material in this Litigation.

1.6 "Designating Party" means a Party or non-party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

1.7 "Highly Confidential – Attorneys' Eyes Only Information" means all Discovery Material that contains Confidential Information that a Designating Party reasonably and in good faith believes constitutes and/or contains non-public, highly competitively sensitive, and/or strictly proprietary information of a Party, that would be likely to cause harm to a Party's competitive position if disclosed without this designation.

1.8 "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Litigation.

1.9 "In-House Counsel" means attorneys who are employees of a Party or its affiliates.

1.10 "Expert" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation, or who has been disclosed as a non-retained expert witness or consultant in this Litigation. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Litigation.

1.11 "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

1.12 "Litigation" refers to the above-captioned case only.

## 2. SCOPE

All Discovery Material produced or adduced in this Litigation shall be subject to this Order. All Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall be used solely for the purpose of prosecuting or defending this Litigation, including discovery, mediation, trial preparation, trial, and appeal—and shall not be used for any other purpose whatsoever, including in any other litigation, case, dispute, or otherwise. The protections conferred by this Order extend to any information copied or extracted from Discovery Material, including metadata, as well as all copies, excerpts, summaries, notes, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that would reveal Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

## 3. DESIGNATING AND USING DISCOVERY MATERIAL

3.1 Manner and Timing of Designation. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the Discovery Material is disclosed or produced.

3.2 Designation of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information. Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party during the Litigation and designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be treated in a

manner that is consistent with the definitions and procedures set forth in this Order.

(A) *Documents*. Documents containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, and any copies thereof, shall be designated as such by including a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page of the document that contains such information. Said legend shall be made so as not to obscure any of the Confidential Information's or Highly Confidential – Attorneys' Eyes Only Information's content or Bates number.

(B) *ESI*. With respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that is produced as electronically stored information ("ESI") and is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party may label the production media "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or alter the file name of the native ESI to include the designation. Otherwise, the ESI shall be marked with the legend as provided in Section 3.2(A) of this Order.

(C) *Tangible Objects*. Tangible objects may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing to the object or its container an appropriate label or tag bearing the designation.

(D) *Depositions*. Portions of a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel at the conclusion of the deposition or by denominating by page and line those portions of the deposition which are to be considered Confidential Information or Highly Confidential – Attorneys' Eyes Only Information within thirty (30) days of receiving the final transcript and exhibits and so informing all Parties of the designation. Until the thirty-day period has passed,

each deposition transcript shall be treated as Highly Confidential – Attorneys' Eyes Only Information, except that the deponent may review the deposition transcript for purposes of the read-and-sign process. Any portion of a deposition so designated shall not be filed with the Court, except in accordance with Section 3.2(E) of this Order.

(E) *Documents Generated During Suit*. All pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that either (1) quote Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, or (2) attach exhibits containing Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall be redacted from Court filings (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information) or filed under seal pursuant to the Local Rules and Individual Practices governing sealed documents, including Section 6.D of Judge Carter's Individual Practices, which requires the Parties to obtain leave of Court before filing any document under seal. If, under this Section, a Party files a redacted version of any document with the Court, the Party must contemporaneously disclose to all other Parties to the Litigation an unredacted copy of that filing or exhibit, by secure email, ShareFile, or other secure form of transmittal.

3.3 <u>Restrictions on Use of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information</u>. Except as agreed to in writing by the Designating Party or its counsel or as otherwise provided herein, Confidential Information and Highly Confidential – Attorneys' Eyes Only Information:

(A) shall be maintained in confidence;

(B) may be disclosed only to persons entitled to access thereto under the terms

of this Order;

(C) shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending this Litigation, including any appeal, and for no other purpose; and

(D) must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3.4 Inadvertent Failure to Designate. If Discovery Material is produced in this Litigation without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, it does not, standing alone, waive, in whole or in part, the Designating Party's right to secure protection under this Order for such Discovery Material, nor shall it be deemed a waiver, in whole or in part, of a claim of confidentiality of such Discovery Material. Upon discovery of the inadvertent failure to designate, a Designating Party may advise the Receiving Party of the fact that the information should have been designated and at that time may designate the material by notice in writing by Bates number or such other means that will allow for the identification of such documents. Upon receiving the Designating Party's notice of such failure to designate, each Party shall treat the information as designated in accordance with the Designating Party's proposed designation and cooperate to restore the confidentiality of the inadvertently disclosed Discovery Materials, including by deleting any Discovery Materials without the designation, replacing them with the designated Discovery Materials; undertaking reasonable efforts to retrieve any Discovery Materials provided to nonparties, experts, or otherwise and, if appropriate, replacing them with the designated Discovery Materials; and otherwise cooperating to the fullest extent to comply with the Designating Party's proposed designation.

Likewise, should the Parties disagree as to the appropriate designation of Discovery Material that was inadvertently produced without a designation, the Designating Party's proposed designation shall be maintained until the Parties reach an agreement as to the appropriate designation, or until the Court assigns a designation. Each Party or non-party that designates Discovery Material for protection under this Order agrees to act in good faith in applying the standards set forth in this Order.

3.5 Exercise of Restraint and Care in Designating Material for Protection. Any Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or changing the previously-assigned designation.

## 4. AUTHORIZED USERS

4.1 Disclosure of Confidential Information. Discovery Materials that are designated as CONFIDENTIAL shall not be disclosed to any person or entity, except:

(A) In-House Counsel for any Party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation.

(B) Outside Counsel for any Party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation.

(C) The directors, officers, or employees of the Receiving Party or the Receiving Party's parents, subsidiaries, or affiliates who are engaged in assisting the Receiving

Party's counsel during the Litigation after such director, officer, or employee has signed a statement in the form annexed hereto as **Exhibit A**.

(D) Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Litigation after such Expert has signed a statement in the form annexed hereto as **Exhibit A**.

(E) A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as **Exhibit A**. For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as **Exhibit A** on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(F) An author, signatory, or prior recipient of the document or the original source of the information.

(G) Deponents and trial witnesses, after such deponent or trial witness has signed a statement in the form annexed hereto as **Exhibit A**.

(H) The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(I) Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as **Exhibit A**.

4.2 Disclosure of Highly Confidential – Attorneys' Eyes Only Information. Discovery Materials that are designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall

not be disclosed to any person or entity, except:

(A) Outside Counsel for any Party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation.

(B) Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Litigation after such Expert has signed a statement in the form annexed hereto as **Exhibit A**.

(C) A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as **Exhibit A**. For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(D) A person shown on the face of the document to have authored or received it;

(E) The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(F) Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as **Exhibit A**.

**5. <u>CHALLENGING DESIGNATIONS</u>**

5.1 <u>Dispute Resolution</u>. If any Party reasonably and in good faith believes that any

Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" should not be designated or considered as such that Party (the "Objecting Party") must notify the Designating Party in writing (the "Notice"), provide a description of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and a concise statement of the basis for the challenge, and serve copies of such Notice to all other Parties. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within five (5) business days from the date of service of the Notice, any Party may move the Court for a determination as to whether the designation is appropriate, in accordance with the Local Rules and Individual Practices governing such disputes. The burden of establishing the appropriateness of the designation shall be on the Designating Party. The protection of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information afforded by the Order shall continue as originally designated unless and until the Court issues an order on the motion.

5.2 <u>No Waiver</u>. Nothing in this Order shall be deemed a waiver of:

(A) any Party's or non-party's right to object to any discovery request or to seek an order compelling discovery with respect to any discovery request;

(B) any Party's right to object to the admission of any evidence at any stage in this Litigation; or

(C) any Producing Party's right to use and review the Discovery Materials that it produced in the Litigation, regardless of any designation.

**6. <u>DURATION</u>**

6.1 This Order shall continue in effect with respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information until expressly released by the

Designating Party and such effectiveness shall survive the final determination of this Litigation. Within sixty (60) days of the final determination of this Litigation, including any appeal, all Confidential Information and Highly Confidential – Attorneys' Eyes Only Information produced by another Party shall be either (a) returned to the Producing Party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the Producing Party. For purposes of this Order, the final determination of this Litigation shall be deemed to be the later of (i) full settlement of all claims and counterclaims; (ii) final judgment as to all claims and counterclaims after the completion and exhaustion of all appeals, rehearings, remands, trials, and reviews, if any, of this Litigation; or (iii) the expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this Litigation.

6.2 Notwithstanding the foregoing, Outside Counsel may retain a set of all documents filed with the Court and all correspondence generated in connection with this Litigation, and may retain their attorney work product, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product, even if such materials contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Any materials that contain or constitute Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall remain subject to this Order.

## 7. OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material designated in this Litigation as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, the Receiving Party must so notify the Designating Party in writing promptly—and before disclosing any Discovery Material and with sufficient time (no less than five (5) business days) for the Designating Party to meaningfully consider the subpoena and order and object to such disclosure, if appropriate. Such

notification must include a copy of the subpoena or court order. The Receiving Party must also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and provide that party a copy of this Order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential – Attorneys' Eyes Only Information—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED OR PRIVILEGED MATERIAL**

8.1 If a Receiving Party learns, by inadvertence or otherwise, that it has disclosed Confidential Information or Highly Confidential – Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly notify in writing the Designating Party of the unauthorized disclosure. The Designating Party may promptly request that the Receiving Party (a) use its best efforts to retrieve all copies of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and, if practicable, (c) request such person or persons execute the form annexed hereto as **Exhibit A**.

8.2 If a Producing Party believes that any Discovery Material subject to any privilege, protection or other immunity ("Privileged Material") has been inadvertently produced, the

Producing Party shall promptly notify all parties in writing and state the basis for the claim of privilege, work product protection, or other immunity from production. After receiving notice of the inadvertent production, a party must promptly return or destroy the inadvertently produced Privileged Material and any copies it has (provided, however, that if the Receiving Party intends to raise the privilege issue with the Court, it may retain and use one sequestered copy of the information solely for this purpose, which must be returned or destroyed in the event the Court upholds the claim of privilege). The Receiving Party may provide the inadvertently-disclosed document to the Court in a sealed filing for the sole purpose of challenging any assertion of privilege, protection, or other immunity, but may not assert as a ground for such motion the fact or circumstances of the inadvertent disclosure. If the Receiving Party either returns the material or is ordered to do so, it shall take reasonable steps to retrieve the material from any other person to whom the material was disclosed.

8.3 The provisions of this Section apply to all Discovery Materials produced in the Litigation, whether designated Confidential, Highly Confidential – Attorneys' Eyes Only, or not. Further, pursuant to Rule 502(d) of the Federal Rules of Evidence, it is hereby ordered that the inadvertent disclosure of privileged information in connection with this Litigation shall not constitute a waiver in this or any other federal or state proceeding if the producing party or non-party timely invokes the clawback procedures set forth in this Section.

**9. USE AT TRIAL**

The use of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

**10. APPLICATION TO NON-PARTY SUBPOENAS**

10.1 A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy

of this Order with the subpoena and state that the subpoenaed party may produce documents in accordance with the terms of this Order. Nothing in this Order is intended to or may be interpreted to narrow, expand, or otherwise affect the rights of the Parties or non-parties to object to a subpoena.

10.2 Upon receiving notice and a copy of any subpoena to be served in this case, as required by Federal Rule of Civil Procedure 45(a)(4) from the Issuing Party, the other Party (the "Informing Party") may, within five (5) business days of such notice, inform the Issuing Party that the documents produced in response to that subpoena may reasonably be expected to contain Confidential Information of Highly Confidential – Attorneys' Eyes Only Information under this Protective Order. In that event or in the event that the Issuing Party informs the other Party that documents received from a non-party may reasonably be expected to contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at the time it provides the other Party with copies under Section 10.3, all Parties being so informed shall treat all documents produced in response to the subpoena as containing Highly Confidential – Attorneys' Eyes Only Information from the time they receive such documents and until thirty (30) calendar days after the Issuing Party provides copies under Section 10.3. The Informing Party and the Issuing Party shall have a period of thirty (30) calendar days from the time the Issuing Party produces such documents under Section 10.3 during which to designate any part of the non-party production as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under this Protective Order. For purposes of this paragraph, if the thirtieth calendar day falls on a weekend or holiday, the applicable deadline shall be the next business day. Any such designation may be challenged as provided in Section 5. Upon request, any Party making designations under this Section 10.2 will provide the other Party with stamped copies of the

documents so designated, consistent with Section 3.2(A). Nothing in this section is intended to or does alter or waive the Parties' rights in Section 5 or Section 8. For the avoidance of doubt, nothing in this paragraph is intended to or does alter or waive a non-party's ability to designate its own produced materials as Confidential or Highly Confidential – Attorneys' Eyes Only as described in this Order.

10.3 Whether or not a Party informs the Issuing Party as provided in Section 10.2 above, any Issuing Party in this Litigation will promptly provide, within five (5) business days, the other Party with a copy of all materials produced by the third party in response to the subpoena (including a copy of the non-party's written responses or objections, if any). If the Issuing Party is unable to provide the other Party with a copy of all materials produced by the nonparty within five (5) business days, the Issuing Party shall notify the other Party in writing before that five-day period expires.

**11. MISCELLANEOUS**

11.1 Right of Further Relief. Nothing herein shall limit in any way the ability of any Party to file a motion with the Court after meeting and conferring to challenge the opposing Party's efforts to limit the use of Discovery Materials or to oppose a Party's designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under this Order.

11.2 Right to Seek Modification. Nothing in this Order abridges the right of any Party to seek modification of the terms of this Order from the Court, following a good faith conferral with the other Party.

11.3 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on

any ground to use in evidence of any of the material covered by this Order.

11.4 No Probative Value. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. The fact that information is marked with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. The fact that any information with a confidentiality designation is disclosed, used, or produced in this Litigation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

11.5 Use of Party's Own Materials. Nothing in this Order shall restrict a Producing Party's ability to use and disclose its own designated Discovery Material as it chooses.

11.6 Public Documents. None of the restrictions set forth in this Order shall apply to any document or other information that is in the public domain or became public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a Receiving Party from using any information that the Receiving Party properly and lawfully possessed before receipt of any Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or other Discovery Materials from another Party that are or were discovered independently by the Receiving Party.

11.7 Effective Date. The terms for the treatment of Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, and other Discovery Materials pursuant to the Order shall be effective only upon the entry of this Order.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: October 15, 2026
New York, New York

Dated: October 14, 2026

Respectfully submitted,

*s/ Danielle L. Trujillo*
Joel S. Neckers (*pro hac vice*)
Melissa L. Romero (*pro hac vice*)
Lucas T. Ritchie (*pro hac vice*)
Danielle L. Trujillo (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: neckers@wtotrial.com
romero@wtotrial.com
ritchie@wtotrial.com
trujillo@wtotrial.com

Scott M. Danner
Daniel M. Sullivan
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017
Telephone: 646.837.5151
Email: sdanner@hsgllp.com
dsullivan@hsgllp.com

Attorneys for Plaintiff-Counterclaim Defendant Vestas-American Wind Technology, Inc.

*s/ Marshall R. King (with permission)*
Marshall R. King
Megan R. Murphy
Amir Heidari
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Email: mking@gibsondunn.com
mmurphy2@gibsondunn.com
aheidari@gibsondunn.com

Attorneys for Defendant-Counterclaim Plaintiff Grande Prairie Wind, LLC

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VESTAS-AMERICAN WIND TECHNOLOGY, INC.,<br>Plaintiff-Counterclaim Defendant,<br>v.<br>GRANDE PRAIRIE WIND, LLC,<br>Defendant-Counterclaim Plaintiff. | Case No: 1:26-cv-4994-ALC-SN |

**ACKNOWLEDGEMENT**

I hereby acknowledge that I have read the Protective Order dated __________________ in the above-captioned action and that I understand the terms thereof. I agree to be bound by the Order and understand that execution of this Acknowledgement is a prerequisite to my review of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information to which I am not otherwise authorized to review under the terms of the Order. I agree to submit to the jurisdiction of the Court solely for purposes of enforcing this Order and affirm that, in the event I fail to abide by the terms of this Order, I may be subject to sanctions imposed by the Court.

Dated: ____________________________ Name: ____________________________________

Signature: __________________________________

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 14, 2026, I electronically filed the foregoing **[STIPULATED] PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Ya Bratcher*